UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANDRE PEREZ,

                            Plaintiff,

                -against-                          **COMPLAINT**

NASSAU COUNTY, NASSAU COUNTY
POLICE DEPARTMENT, DET. LOUIS A.                  **Jury Trial Demanded**
MONTELEONE, SGT. DOMINIC CASTIELLO,
PO MATTHEW KEAR, PO WILLIAM J. CAREY,
SGT. HARRY M. GILMORE, and JOHN/JANE
DOE NOS. 1 THROUGH 20, being unknown
employees of the Nassau County Police Department
in their individual and official capacities, who were
involved in the investigation, prosecution and
detention at issue.

                            Defendants.
------------------------------------------------------------------ x

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of

plaintiff's rights under the Constitution. Andre Perez is a doting stepfather, who is the

husband of the alleged child victim's mother in this case.[1] Prior to his arrest here on

October 17, 2023, he was a corrections officer for the City of New York and had never

been convicted of a crime. He is 48 years old now.

2.      In the case at bar, Det. Louis Monteleone, of the Nassau County Police

Department (herein referred to as "NCPD") arrested Mr. Perez for endangering the

---

[1] Because the victim is a minor in this case, her name will not be mentioned.

-1-

welfare of a child on October 17, 2023. Det. Monteleone ignored the past family history between Mr. Perez's mother-in-law and stepdaughter's father and ignored the fact that his stepdaughter informed Child Protective Services (herein referred to as "CPS") that her grandmother and father told her to tell CPS that Mr. Perez threatened her. In effect, the child told CPS that these individuals coached her into implicating Mr. Perez.

3.      The victim in this case made this exculpatory revelation to CPS over a month prior to Mr. Perez's arrest. Yet, Det. Monteleone, along with the other named and unnamed defendants, acted in concert and arrested Mr. Perez and charged him with endangering the welfare of a child in the face of clear and convincing evidence that his mother-in-law, Sandra Daniels, and child's father, Jimel Brown, had a history of making false claims against Mr. Perez.

4.      The defendants in this case acted in concert and/or failed to intervene when Mr. Perez was falsely arrested, wrongfully imprisoned, and maliciously prosecuted until the Nassau County District Attorney's Office (herein referred to as "NCDAO") moved to dismiss the charges against Mr. Perez because there was no reliable evidence to even arrest Mr. Perez. The charges were dismissed a little over 60 days after Mr. Perez was arrested. However, the damage was already done. Mr. Perez had to incur substantial attorney's fees and, ultimately, retired from the New York City Department of Corrections because of his arrest here.

## JURISDICTION AND VENUE

-2-

5.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

6.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

7.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

8.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

9.     Plaintiff demands a trial by jury in this action.

## PARTIES

10.    Plaintiff Andre Perez ("plaintiff" or "Mr. Perez") is a resident of Nassau County in the City and State of New York.

11.    Defendant Nassau County is a municipal corporation organized under the laws of the State of New York. It operates the Nassau County Police Department ("NCPD"), a department or agency of defendant Nassau County responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named and unnamed defendants herein.

12.    The NCPD is a department or agency within Nassau County that is

-3-

responsible for the training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named and unnamed defendants herein.

13.    Defendant Detective Louis Monteleone, ("Monteleone"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Monteleone is sued in his individual and official capacities.

14.    Defendant Sgt. Harry Gilmore, ("Gilmore"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Gilmore is sued in his individual and official capacities.

15.    Defendant Sgt. Dominic, ("Castiello"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Castiello is sued in his individual and official capacities.

16.    Defendant PO Matthew Kear, ("Kear"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Kear is sued in his individual and official capacities.

17.    Defendant PO William J. Carey, ("Carey"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Carey is sued in his individual and official capacities.

18.    At all times relevant defendants John and Jane Doe 1 through 20 were

-4-

police officers, detectives or supervisors employed by the NCPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 20.

19. At all times relevant herein, defendants John and Jane Doe 1 through 20 were acting as agents, servants and employees of Nassau County and the NCPD. Defendants John and Jane Doe 1 through 20 are sued in their individual and official capacities.

20. At all times relevant herein, all individual defendants were acting under color of state law.

### STATEMENT OF FACTS

21. The instant causes of action arise from the unlawful arrest, imprisonment and abuse of criminal process of claimant ANDRE PEREZ for one count of endangering the welfare of a child based upon events that occurred on July 23, 2023, in the confines of Nassau County. That child was his stepchild. He is married to the child's mother, Melony Daniels.

22. Mr. Perez was arrested on October 17, 2023, without probable cause, and detained for several hours prior to his arraignment. He wasted money on attorney's fees, was wrongfully prosecuted, and ended up retiring as a corrections officer based upon the charges in this case. The charges were swiftly dismissed on December 22, 2023, because there was evidence that the biological father and grandmother of the

child coached the child to say terrible things about Mr. Perez.

23.    The grandmother (Sandra Daniels) and biological father (Jimel Brown) of the child that is the subject of the charges that were brought against Mr. Perez started a campaign to smear Mr. Perez's name, first to CPS and then to law enforcement. The first accusations against Mr. Perez stemmed from allegedly threatening his mother-in-law on June 7, 2023. Those charges were ultimately dismissed, as they were lies and had no merit.

24.    Mr. Perez's issues with Ms. Daniels culminated in Jimel Brown making further accusations to CPS on June 30, 2023, relating to the living conditions that the child was in while living with her mother, Melony Daniels, and Mr. Perez. All of the claims, which were made on June 30, 2023, were unfounded and unsubstantiated by CPS even after home visits. Again, they were proven to be lies. The NCPD was aware of all this information prior to the next set of allegations.

25.    On July 23, 2023, Mr. Brown reported that Mr. Perez threatened the child, which lead to the charges that are the subject of this suit. CPS investigated these charges, spoke to the child *on September 13, 2023*. The child specifically stated that her grandmother, Sandra Daniels, and biological father, Jimel Brown, coached her into making the police report from July 23, 2023.

26.    Even after this revelation from the complaining child, and all of the other unfounded reports made by Mr. Brown, the defendants in the case at bar arrested Mr.

Perez, and swore to the same allegations that Mr. Brown made, even though the minor child completely refuted those allegations. Mr. Perez was arrested on October 17, 2023.

27.    This led the Nassau County District Attorney's Office to dismiss the case against Mr. Perez on December 22, 2023.

28.    Within ninety days after the claims alleged in this Complaint arose, a written notice of claim was served upon defendants at the County Attorney's Office.

29.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

30.    This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

31.    Mr. Perez suffered extreme embarrassment, essentially lost his job, was wrongfully arrested, incarcerated, and prosecuted all based upon complete lies that the NCPD attempted to sell to the Nassau County District Attorney's Office. Thank God the DA's Office, ultimately, did not buy it.

### FIRST CLAIM
### UNLAWFUL DETENTION AND DEPRIVATION OF LIBERTY PURSUANT TO § 1983
### (Defendants Monteleone, Castiello, Kear, Carey, and Gilmore)

32.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33.    Defendants violated the Fourth and Fourteenth Amendments because they arrested and detained Plaintiff without probable cause, which was affirmed when

the NCDA dismissed the charges against Plaintiff.

34. Mr. Perez served hours in custody.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### FALSE ARREST AND FALSE IMPRISONMENT PURSUANT TO § 1983
**(Defendants Monteleone, Castiello, Kear, Carey, and Gilmore)**

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The Defendants fabricated evidence to arrest Mr. Perez, as they each swore to criminal complaints that contained false allegations. Specifically, Monteleone and Castiello swore to the criminal complaint wherein it was alleged that Mr. Perez threatened his stepdaughter. Significantly, this criminal complaint was sworn to on October 17, 2023, which was over a month <u>after</u> the complaining victim informed investigators from CPS that Sandra Daniels and Jimel Brown coerced and forced her to say the false allegations that were made on July 23, 2023. The defendants, all of them, were on full notice that the sworn complaint that was signed was false.

38. Mr. Perez was/is completely innocent and never threatened his stepdaughter, who still lives with him to this day.

39. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

40. Plaintiff was conscious of his confinement.

41. Plaintiff did not consent to his confinement.

42. Plaintiff's confinement was not otherwise privileged.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### MALICIOUS PROSECUTION AND
### ABUSE OF PROCESS PURSUANT TO § 1983
### (Defendants Monteleone, Castiello, Kear, Carey, and Gilmore)

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. Knowing that any colorable cause to arrest did not exist, all of the Defendants herein acted in concert and conspired with the other named defendants and other unidentified defendants, Jane and John Does, to use any means, no matter how unlawful or coercive, to get an indictment and take this matter to trial.

46. Defendants Castiello and Monteleone plainly falsely swore to the instrument used to arrest Mr. Perez. Defendant Kear swore to the false statement provided by Jimel Brown.

47. Castiello, Monteleono, and Kear acted in concert to begin criminal proceedings that they knew were not supported by the evidence. They did not care.

48. Yet still, the named and unnamed defendants instituted a criminal action against Andre in the face of clear evidence that no crime had been committed at all.

49. These illegal and unconstitutional means included, but were not limited to, presenting unreliable evidence to the NCDA and failing to conduct any meaningful investigation.

50. At every juncture, the Defendants herein misrepresented the evidence in order to prosecute Andre. Ultimately, by the Grace of God, the NCDA dismissed the charges.

51. The foregoing violations of Plaintiff's federal constitutional rights by the Defendants and their co-conspirators and accomplices, known and unknown, directly, substantially, proximately, and foreseeably caused the initiation and continuation of Plaintiff's criminal prosecution, his loss of liberty, and his other injuries and damages.

52. The forgoing violations of Plaintiff's rights amounted to Constitutional torts and were affected by actions taken under color of State law, and within the scope of the Defendants' employment and authority.

53. Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, and/or with deliberate indifference to Plaintiff's constitutional rights or to the effect of such misconduct upon Plaintiff's constitutional rights.

54. By reason of the foregoing, the Defendants are liable to plaintiff, under 42 U.S.C. 1983, for compensatory and for punitive damages.

## FOURTH CLAIM
## STATE LAW ABUSE OF POWER

**(Defendants Monteleone, Castiello, Kear, Carey, and Gilmore)**

55.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.     Defendants, individually, in concert with, conspiring with, and/or aiding and abetting one another and other persons for whose acts they are liable, employed regularly issued criminal legal process against Plaintiff.

57.     Specifically, they prosecuted Mr. Perez knowing full well no crime had been committed as the child informed CPS on September 13, 2023, that she was coached to make a report on July 23, 2023.

58.     Defendants used such process in a perverted manner to obtain a collateral objective outside the legitimate ends of the process used, namely, to gain an unlawful arrest and conviction of Plaintiff. Defendants knew, believed, and intended that this evidence would later be used in court against Plaintiff in court.

59.     Defendants did so with an intent to do harm to Plaintiff, with actual malice, and without excuse or justification.

60.     By virtue of the foregoing, Plaintiff was caused the actual and special damages identified in the subsection labeled Plaintiff's Damages.

**FIFTH CLAIM**
**STATE LAW FALSE IMPRISONMENT AND FALSE ARREST**
**(Defendants Nassau County, NCPD Monteleone, Castiello, Kear, Carey, and Gilmore)**

61.     Plaintiff repeats and realleges each and every allegation as if fully set

forth herein.

62.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

63.     Plaintiff was conscious of his confinement.

64.     Plaintiff did not consent to his confinement.

65.     Plaintiff's confinement was not otherwise privileged.

66.     Defendants Nassau County and NCPD as an employer of the individual defendant officersare responsible for their wrongdoing under the doctrine of *respondeat superior.*

67.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

**SEVENTH CLAIM**
**Negligent Hiring, Training and Retention**
**(Nassau County and NCPD)**

68.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69.     Defendants Nassau County and NCPD owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

70.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

71. Upon information and belief, defendants Nassau County and NCPD knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

72. Upon information and belief, defendants NCPD and Nassau County negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

73. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### FAILURE TO INTERVENE PURSUANT TO § 1983
**(Defendants Castiello, Carey, Gilmore and Kear)**

74. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

76. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

77. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### SUPERVISORY LIABILITY PURSUANT TO § 1983

**(Defendants Castiello and Gilmore)**

78.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79.     The individual defendant police officers acted with impunity in an environment in which they were not adequately trained, supervised, or disciplined by Defendant Gilmore, Castiello, and others, in this case and as a matter of practice.

80.     Defendant Gilmore, Castiello, and others, acted with gross negligence, recklessness, and/or deliberate indifference to the constitutional rights of citizens by failing to provide adequate training, supervision, and discipline of the police officers, and thereby caused the individual defendant police officers to deprive Andre Perez of his clearly established constitutional rights, including his rights to be free from unreasonable searches and seizures, false arrest, false imprisonment, malicious prosecution, and deprivation of liberty without due process of law, and to a fair trial.

81.     Had Defendant Gilmore, Castiello, and others, not provided grossly inadequate training, supervision, and discipline of the defendant police officers, these defendants would not and should not have fabricated inculpatory evidence, withheld exculpatory and impeachment evidence, and intentionally and maliciously caused Andre Perez to be arrested and prosecuted without probable cause. Defendant Gilmore, Castiello, and others, were directly involved in the investigation of Andre Perez and directly supervised the specific investigative acts taken by the individual police officer

defendants in this case.

82.     The grossly negligent, reckless, and/or deliberately indifferent conduct of Defendant Gilmore, Castiello, and others, under color of state law violated their clearly established duty, in 2023, to supervise Defendants Kear, Carey, and Monteleone, and no reasonable supervising police officer in 2023 would have believed that grossly negligent, reckless, and/or deliberately indifferent supervision in the face of actual or constructive notice of misconduct by their subordinate officers was lawful.

83.     Andre Perez did not threaten his stepdaughter. The evidence was so clear that Mr. Perez was innocent that the NCDA dismissed the charges on December 22, 2023.

84.     As a direct and proximate result of these Defendants' actions, Andre Perez spent hours in jail, spent thousands in legal fees, ultimately lost his job, and suffered the other grievous and continuing damages and injuries set forth above.

## SIXTH CLAIM
### Failure To Intervene

85.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

86.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

87.     Accordingly, the defendants who failed to intervene violated the Fourth,

Fifth, Sixth and Fourteenth Amendments.

88.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:      March 20, 2025
            Forest Hills, New York

JUSTIN C BONUS ATTORNEY AT LAW

_Justin Bonus_
_____

Justin C. Bonus, Esq.
118-35 Queens Blvd, Suite 400
Forest Hills, NY 11375
347-920-0160
Justin.bonus@gmail.com

*Attorneys for Plaintiff*